THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE LOBO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-285 |
| | § | |
| JOBS BUILDING SERVICES, | § | |
| LLC, fka JOBS BUILDING | § | |
| SERVICES, INC., and | § | |
| LARUE D. COLEMAN, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1.    Defendant Jobs Building Services, LLC formerly known as Jobs Building Services, Inc. (the "Company") is a facilities services provider for commercial properties founded and operated by LaRue D. Coleman ("Coleman").  Reference to the "Defendants" is collectively to the Company and Coleman.

2.    Unfortunately, the Defendants failed to pay their non-exempt employee, Plaintiff Jose Lobo (the "Plaintiff"), overtime compensation for the overtime hours that he worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 (2021)("FLSA").  In addition, the Company terminated the Plaintiff's employment with the Company when he tested positive for COVID-19.  Accordingly, the Plaintiff files suit under both the FLSA and the Emergency Paid Sick Leave Act ("EPSLA"), Division E, Section 5101, et. seq. of the Families First Coronavirus Response Act, Public Law 116-127 (2020)

(the "FFCRA").

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2021) and 28 U.S.C. § 1331 (2021).

4.    The Plaintiff brings this Complaint in the district in which the Company does business and where a substantial portion of the conduct charged herein occurred.  As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2021).

## THE PARTIES

5.    The Plaintiff, a resident of Houston, Texas, had been employed by the Company for approximately forty (40) years at the time of his discharge.  In performing his duties for the Company, the Plaintiff engaged in commerce or in the production of goods for commerce.

6.    The Company, an enterprise engaged in commerce, is a Texas limited liability company with its principal place of business located in Houston, Texas.  The Company has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  The Company may be served with process by serving Coleman, its registered agent, at 7777 Parnell Street, Houston, Texas 77021.

7.    Coleman, the founder and governing member/president of the Company, has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  Coleman may be served

with process at 7777 Parnell Street, Houston, Texas 77021.

<u>BACKGROUND</u>

8.   The Company was founded by Coleman in 1970 and is now a market leader in the provision of facilities services to commercial properties.   During the past three (3) years, the Company has generated gross annual revenues of at least $500,000.00 and employed fewer than five hundred (500) employees.

9.   The Plaintiff worked in the Company's warehouse distributing supplies to work crews.   When needed, the Plaintiff also worked at job sites with crews.   Although the Plaintiff regularly worked more than forty (40) hours per week, he was paid the same rate of pay all of his hours worked.   As a non-exempt employee, the Plaintiff was entitled to be paid one and one-half (1½) times his hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2021).

10.  No exemption excuses the Defendants from paying the Plaintiff overtime compensation for all hours worked over forty (40) hours each work week.   Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiff.

11.  In July of 2020, the Plaintiff tested positive for COVID-19 and forwarded the test results to his supervisor.   When he was

released to return to work in August, he was informed that business was slow and there was no work for him.  To the contrary, the Plaintiff was immediately replaced in his position after approximately forty (40) years of service to the Company.  To date, the Plaintiff remains unemployed.

12.  Coleman has a substantial financial interest in the Company and has been directly involved in:

a.  the hiring and firing of its employees;

b.  its day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by its employees;

c.  its finances; and

d.  corporate decisions.

<u>CAUSES OF ACTION</u>

A. <u>Unpaid Overtime Compensation</u>

13.  The Plaintiff regularly worked in excess of forty (40) hours per week for which he was not compensated at one and one-half times his regular rate of pay.

14.  As a non-exempt employee, the Plaintiff was entitled to be paid overtime compensation for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2021). Accordingly, the Defendants' practice of failing to pay the Plaintiff overtime compensation was and is a clear violation of the FLSA.

15.  No exemption excused the Defendants from paying the

Plaintiff overtime compensation for hours worked over forty (40) hours in a workweek.  Nor did the Defendants make a good faith effort to comply with the FLSA.  Instead, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff.

16.  Accordingly, the Plaintiff is entitled to be paid overtime compensation in an amount which is one and one-half (1½) times his regular rate of pay for his hours worked in excess of forty (40) hours each workweek.

17.  Additionally, the Plaintiff is entitled to an amount equal to all of his unpaid overtime compensation as liquidated damages.

18.  Finally, the Plaintiff is entitled to reasonable attorneys' fees and costs in this action. 29 U.S.C. § 216(b) (2021).

## B. <u>Wrongful Discharge</u>

19.  The Plaintiff worked for the Company for approximately forty (40) years without incident until he missed work due to a diagnosis of Covid-19.  Unfortunately, his illness resulted in the wrongful termination of his longstanding employment with the Company.

20.  In other words, the Plaintiff's employment was terminated because of, and caused by, his sick leave protected under the EPSLA.  As such, the Plaintiff's termination was and is a willful

violation of Public Law, 116-127, Section 5104 of the EPSLA.

21. Accordingly, the Plaintiff seeks reinstatement, compensatory damages, liquidated damages, and attorneys' fees in connection with his unlawful termination. Public Law, 116-127, Section 5105(b) of the EPSLA.

<u>PRAYER</u>

WHEREFORE, Plaintiff Jose Lobo requests that this Court award him judgment, jointly and severally, against Defendants Jobs Building Services, LLC, fka Jobs Building Services, Inc., and LaRue D. Coleman, Individually, for:

a. damages for the full amount of the Plaintiff's unpaid overtime compensation;

b. an amount equal to the Plaintiff's unpaid overtime compensation as liquidated damages;

c. reinstatement and compensatory damages in connection with the Plaintiff's discharge;

d. an amount equal to the Plaintiff's lost wages and benefits as liquidated damages;

e. reasonable attorneys' fees, costs and expenses of this action;

f. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

g. such other and further relief as may be allowed by law.

Respectfully submitted,


/S Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com